IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 13-02084 (ESL)
                                                :
DOMINGA SERRANO SOTO                            :        CHAPTER 7
        Debtor                                  :
_____             :

OPINION AND ORDER

This case is before the court upon the Chapter 7 Trustee's *Objection to Claimed Exemptions* (the "*Objection*", Docket No. 8), the Debtor's *Reply* thereto (Docket No. 11) and the Chapter 7 Trustee's *[Sur-]Reply* (Docket No. 12). The Chapter 7 Trustee moves for the denial of the Debtor's homestead exemption alleging that although the homestead deed was filed pre-petition at the Puerto Rico Property Registry, it was not recorded or registered by the Property Registrar pre-petition, which contravenes Article 9 of Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011, as amended by Act No. 257 of September 15, 2012 (the "2011 PR Home Protection Act"), and therefore fails to comply with subsequent Article 12. Conversely, the Debtor sustains that she filed her homestead deed at the Property Registry pre-petition, which complies with the 2011 PR Home Protection Act. The Chapter 7 Trustee also moves for the disallowance of exemptions on personal property claimed under the general statute of Puerto Rico's Code of Civil Procedure without any reference to the specific subsection under which they are claimed. For the reasons stated below, the Chapter 7 Trustee's *Objection* is hereby denied in part.

Factual and Procedural Background

On February 14, 2013, the Debtor executed Deed No. 7 before Notary Public Jorge Figueroa Ortiz (the "Homestead Deed") declaring her principal residence as her homestead under the 2011 Home Protection Act. See Docket No. 12, pp. 9-12. The Homestead Deed was filed at the Puerto Rico Property Registry on February 19, 2013. See Docket Nos. 12, p. 13, and 17, p. 4.

On March 18, 2013, the Debtor filed a voluntary Chapter 7 Bankruptcy Petition with its corresponding schedules (Docket No. 1). Although the Debtor did not claim as exempt her social security benefits in *Schedule C* (Docket No. 1, p. 24), she disclosed a social security monthly income of $795 in *Schedule I* (Docket No. 1, p. 32).

The meeting of creditors was held on April 18, 2013 and closed on June 13, 2013 (Docket Nos. 7 and 13).

On May 15, 2013, the Chapter 7 Trustee filed an *Objection to Claimed Exemptions* (Docket No. 8) alleging that the Debtor failed to comply with the requirements of the 2011 PR Home Protection Act and therefore her claimed homestead exemption should be disallowed.  She further argues that the exemptions claimed on the bedroom, dining room, kitchen utensils, living room, oven, refrigerator, stove, TV, washing machine, clothes and personal effects were not listed with sufficient particularity and thus should also be disallowed.  The Chapter 7 Trustee also sustains that in Puerto Rico there is no exemption for kitchen utensils, and therefore that exemption should be disallowed.  As to the social security benefits, which were not claimed as exempt in *Schedule C* (Docket No. 1, p. 24), the Chapter 7 Trustee sustains that because the Debtor elected the Puerto Rico exemption scheme, she is barred from claiming federal exemptions, and in any case, the Debtor did not claim such exemption in *Schedule C*.

On May 20, 2013, the Debtor filed *Amended Schedules B & C* to correct the description of the properties and to correct the claimed exemptions (Docket No. 9).  In *Amended Schedule C*, the Debtor claimed as exempt the social security benefits under 42 U.S.C. § 407 (Docket No. 9, p. 5).

On May 29, 2013, the Debtor filed a *Reply to the Trustee's Objection to Claimed Exemption* (Docket No. 11) alleging that *Amended Schedule C* (Docket No. 9) provides sufficient detail to claim the exemptions listed therein.  The Debtor further sustains that the exemption claimed for social security benefits is proper under 42 U.S.C. § 407.  As to the homestead exemption, the Debtor argues that the Homestead Deed was filed at the Property Registry pre-petition on February 19, 2013, which complies with the 2011 PR Home Protection Act.

On June 12, 2013, the Chapter 7 Trustee filed a *Reply to Debtor's Opposition to Trustee's Objection to Claimed Exemptions & Renewed Objection to Claimed exemption filed on May 20, 2013* (Docket No. 12) arguing that the Debtor does not meet the requirements of Article 9 of the 2011 PR Home Protection Act, and thus her homestead exemption must be disallowed.  In regards to the bedroom, dining room, kitchen utensils, living room, oven, refrigerator, stove, TV, washing machine, clothes and personal effects, the Chapter 7 Trustee insists that the Debtor has failed to

provide the specific subsections of 32 L.P.R.A. § 1130 under which each exemption is claimed, which warrants the disallowance of the exemption. She also withdrew her objection to the exemption claimed on the Debtor's social security benefits.

On July 9, 2013, the the Debtor filed a second *Amended Schedule C* (Docket No. 16) to specify the corresponding subsections of the Puerto Rico exemption statute under which each is claimed. The next day, on July 10, 2013, the Debtor filed a *Sur-Reply to Trustee's Reply to Debtor's Opposition to Trustee's Objection to Claimed Exemption and Renewed Objection to Claimed Exemption Filed May 20, 2013* (Docket No. 17) arguing that the second *Amended Schedule C* (Docket No. 16) provides sufficient specificity in regards to the exemptions claimed on the Debtor's personal property. In regards to the homestead exemption, the Debtor reiterates that she complied with Article 9 of the 2011 PR Home Protection Act by filing the Homestead Deed prior to filing the instant bankruptcy petition. Furthermore, the Debtor asserts that Article 53 of the Puerto Rico Mortgage Law provides that the registration of the Homestead Deed will relate back to the date of its filing.

Legal Analysis & Discussion

*(A)     Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). A property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order that effect. See 9A Am. Jur. 2d Bankruptcy § 1392; In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *8, 2012 WL 2202931 at *2 (Bankr. D.P.R. 2012); In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray (In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000). Exemptions are an integral component of a debtor's fresh start and thus are liberally construed. Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael J. Stepan, Esq., Bankruptcy Law Manual § 5:34 (5th ed. 2012-2); In re Farr, 278 B.R. 171,

3

48 (B.A.P. 9th Cir. 2002) (exemptions aid a debtor's fresh start by enabling debtor to emerge from bankruptcy with adequate assets); In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007) (exemptions are liberally construed); In re Wegrzyn, 291 B.R. 2, 8-9 (Bankr. D. Mass. 2003) (exemptions should be construed liberally in favor of debtor to further the fresh start); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999) aff'd 192 F.3d 36 (1st Cir. 1999). A "fresh start", however, does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D. Okla. 1986). "The basis for exemption laws is that by providing a debtor to retain a minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208. "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtors ability to set aside certain property as exempt from the claims of creditors." Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy ¶ 522.01 (16th ed. 2013).

*(B)     Legal Construction of Homestead Exemptions in Bankruptcy Proceedings*

Homestead exemptions are to be construed liberally on behalf of the homesteader. In re Dougan, 484 B.R. 529, 534 (Bankr. D. Mass. 2013); In re Haseltine, 2007 Bankr. LEXIS 3449, at *4, 2007 WL 2932807, at *2 (Bankr. D.N.H. 2007); In re Rolland, 317 B.R. at 413; Garran v. SMS Fin. V, LLC (In re Garran), 338 F.3d 1, 6 (1st Cir. 2003); In re Arrol, 207 B.R. 662,665 (Bankr. N.D. Cal. 1997).

*(C)     Legal Construction of Puerto Rico Exemptions*

A state's[1] rules of construction must be followed by federal courts when construing state-law exemptions. See Goldman v. Salisbury (In re Goldman), 70 F.3d 1028, 1029 (9th Cir. 1995). Generally, federal courts must construe all exemption statutes liberally, in the debtor's favor, "to reflect their remedial purposes." Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7, 10 (1st Cir. 1996). Also see Shamban v. Perry (In re Perry), 357 B.R. 175, 180 (B.A.P. 1st Cir. 2006).

In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Laguna v. Quiñones, 23 P.R. R. 358, 360-361, 23 D.P.R. 386, 389 (1916); Marty Pérez v. Ramírez Cuerda, 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954).

---

[1] Puerto Rico is a considered a state for bankruptcy purposes pursuant to 11 U.S.C. § 101(52).

Questions as to the applicability of a Puerto Rico exemption must be resolved in favor of the exemption. Quintana v. Superior Court, 104 P.R. Off. Trans. Part I 26, 28, 104 D.P.R. 18, 20 (1975); Marty Pérez v. Ramírez Cuerda, 75 P.R.R. 808, 814, 75 D.P.R. 858, 865 (1954). When interpreting a Puerto Rico statute, its wording cannot be applied mechanically, but by exercising reason. See Pueblo v. Pagan Medina, 99 P.R.R. 731, 737, 99 D.P.R. 753, 759 (1971). Puerto Rico's Supreme Court has refused to follow literal interpretations of a statute if doing leads to an absurd result that is not in accordance with its legislative intent. Pueblo v. Seda Álvarez, 82 D.P.R. 719, 725 (1961); Col. Ing. Agrim. P.R. v. A.A.A., 131 D.P.R. 735, 756 (1992); Municipio de San Juan v. Banco Gubernamental de Fomento, 140 D.P.R. 873, 884 (1996); Pueblo v. Zayas Rodríguez, 147 D.P.R. 530, 549 (1999).

*(D)      The 2011 PR Home Protection Act and the Decision in In re Pérez Hernández*

In In re Pérez Hernández, 487 B.R. 353 (Bankr. D.P.R. 2013), the court ruled that under the 2011 PR Home Protection Act, as amended, when a Puerto Rico individual or head of family files for bankruptcy, he/she retains his/her homestead right throughout the bankruptcy proceeding if he/she complies with the requirements established therein unless he/she chooses to claim the federal exemption scheme afforded in 11 U.S.C. § 522(b)(2). The court also ruled as follows:

> Articles 9 and 11 of the PR Home Protection Act distinguish between real properties that are registered at the Property Registry and those that are not. The methods for claiming the homestead exemption in both instances are different. In cases where the real property is registered at the Property Registry, Article 9 governs the procedure by which homestead is claimed. In cases where the real property is not registered at the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern. Thus, when an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is or not registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act. If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence.
>
> Compliance with the requirements of the 2011 PR Home Protection Act is essential to properly claiming a homestead exemption in bankruptcy proceedings. Id. at 368.

The foregoing must be read in conjunction with Puerto Rico's Mortgage Law and its Article 53, *infra*.

*(E)*     *Relation-Back Provision in Puerto Rico's Mortgage Law*

Article 53 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2256, provides a specific relation-back provision for the registration of property interests pending to be recorded at the Puerto Rico Property Registry. Pursuant to Article 53, *supra,* the registration of any property interest by the Property Registrar relates-back to its filing date (filing entry). Id. As stated by the Court of Appeals for the First Circuit in Soto-Ríos v. BPPR (In re Soto-Ríos), 662 F.3d 112, 121 (1st Cir. 2011):

> [A]t a minimum Puerto Rico law regards presentment to be a legally significant act that initiates the certifying role of the Registrar, begins the process of registration, and as previously noted, operates as the decisive point for resolving any competing registrations in the same property. See P.R. Laws Ann. tit. 30, § 2256. Generally, once presented, the registrar must pass judgment on the documents within sixty days, or some "just cause" period thereafter, and then either act to record them or alert the applicant to any defect. See P.R. Laws Ann. tit. 30, §§ 2255, 2267, 2270-72. Indeed, the registrar must keep detailed records to memorialize the very "moment of presentation" by entering "the exact time of day" into the day book (filing entry). See P.R. Laws Ann. tit. 30, §§ 2152, 2154, 2253. Such precision is required, of course, because the filing entry is "intimately linked to the registry principle called rank or priority"; the first filing entry prevails. Gasolinas de Puerto Rico v. Richard F. Keeler Vázquez, 155 D.P.R. 652, 675 (2001).

Also see Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 3rd ed. (2012), at p. 204.

Therefore, the court is not moved by the Chapter 7 Trustee's argument that the Debtor's homestead exemption should be denied because, as of the date of her bankruptcy petition, the Homestead Deed remains "to [be] qualified and a marginal annotation [has not been] made to the body of the property registration made by the [Property] Registrar as required by [the 2011 Home Protection Act]" (Docket No. 12, p. 6). In the instant case, because the Debtor's real property is registered at the Property Registry, and because the Homestead Deed was filed pre-petition, upon the Property Registrar's review of the Homestead Deed, he/she shall proceed to record it or alert the Debtor to any defect, if any, in accordance with Puerto Rico's Mortgage Law. If no defects are found by the Property Registrar, pursuant to 30 L.P.R.A. § 2256, the registration of the homestead right will relate-back to its filing date, which in this case would be February 19, 2013, that is, pre-petition. Compare Docket No. 17, p. 4, with Docket No. 1. The 2011 PR Home Protection Act cannot be taken out of the context upon which all documents, including homestead deeds, are filed

and recorded at the Puerto Rico Property Registry.  Therefore, the Chapter 7 Trustee's homestead objection is hereby denied.  Also see In re Estrada López, 2013 Bankr. LEXIS 2800, 2013 WL 3490920 (Bankr. D.P.R. 2013).

*(F)      How to Claim Exemptions in Bankruptcy*

"In order to be effective, a debtor must specifically describe the property claimed as exempt and inform the value." In re Roman Rivera, 2013 Bankr. LEXIS 2362 at *8, 2013 WL 2477277 at * 3 (Bankr. D.P.R. 2013).  Also see Nancy C. Dreher and Joan N. Feeney, Bankruptcy Law Manual, Volume 1 § 5:43 (2012-2), p. 1015.  Thus, a debtor is required to list the property claimed as exempt on the schedule of assets that must be filed with the bankruptcy petition.  See 11 U.S.C. § 522(l); Fed. Rs. Bankr. P. 1007(b), 1007(I)(b) & 4003.  A party in interest or the trustee may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.  Fed. R. Bank. P. 4003(b)(1).  If an interested party fails to object to a claimed exemption within the time allowed, the subject property will be excluded from the bankruptcy estate even if the exemption's value exceeds the statutory limits.  11 U.S.C. § 522(l); Taylor v. Freeland & Kronz, 503 U.S. 638, 643-644 (1992).  In the instant case, there is no dispute that the Chapter 7 Trustee's *Objection* is timely.

In Schwab v. Reilly, 130 S.Ct. 2652, 2668 (2010), the Supreme Court held that the time limits for objecting to an exemption do not apply if the claimed exemption is "valid on its face". Schwab's analysis rests on the determination that Section 522(a)(3)(B) defines the "'property' a debtor may 'clai[m] as exempt' as the debtor's 'interest' –up to a specified dollar amount– in the assets described in the category, not as the assets themselves." Id. at 2661-2662 (citations omitted). Under the Schwab doctrine, treating the entries as exemptions of an in-kind interest would violate the Bankruptcy Code's limits and fail to account for the distinction between exemptions that include a monetary cap and those that allow debtors to exempt property regardless of value. Id. at 2663, n.10. Thus, Schwab mandates that exemptions be claimed "in a manner that makes the scope of the exemption clear". Id. at 2668.  In Massey v. Pappalardo (In re Massey), 465 B.R. 720 (B.A.P. 1st Cir. 2012), the debtor did not assign a monetary value to the claimed exemption for his car and

residence in their *Schedule C*, but rather claimed "100% of FMV [Fair Market Value]". Id. at 721. The Chapter 13 Trustee timely challenged those claimed exemptions alleging that they were improper. Id. at 722. The Massey Panel adopted the analysis in In re Salazar, 449 B.R. 890 (Bankr. N.D.Tx. 2011), where the court posed two possible solutions to dealing with this type of claimed exemptions. First, the court may hold an evidentiary hearing on the value of the debtor's exemptions. At such a hearing, the debtor has the initial burden of showing a plausible basis for the claim that "100% of FMV" of an asset falls within the statutory limit on the amount that may be exempted under Section 522. In accordance with Schwab, if the objection is overruled, the asset claimed will no longer be part of the estate, but if the objection is sustained, the debtor must forfeit the value in excess of the statutory allowance. The second approach is for the court to "simply declare that an objection to an exemption claim of '100% of FMV' is a facially valid objection because the debtor has failed to claim a set amount as contemplated by the exemption statute allowing the exemption." Salazar, 449 B.R. at 897. In this situation, the court will sustain the objection "unless the debtor amends his exemptions to claim a dollar amount for his exempt interest in the property." Id. at 897. The Salazar court adopted this approach [Id. at 902], and the Massey court held that said approach "best recognizes the reasoning in Schwab". Massey, 465 B.R. at 728. Under either scenario, Fed. R. Bankr. P. 4003(c) mandates that "the objecting party has the burden of proving that the exemptions are not properly claimed."

"In any event, the debtor should clearly describe the object and its value especially where the statute limits the dollar amount of the exception, or where the debtor owns more than one of the objects." Jay M. Zitter, J.D., Jewelry and Clothing as Within Debtor's Exemptions Under State Statutes, 44 A.L.R. 6th 481, § 3 (2008).

Exemptions must be listed separately with sufficient detail to put the trustee and the interested parties on notice of questionable claims. See In re Doyle, 209 B.R. 897, 901 (Bankr. D. Ill. 1997). Generic categorizations of claimed exemptions do not provide adequate notice of the property claimed exempt. See In re Wenande, 107 B.R. 770, 772 (Bankr. D Wyo. 1989). It is incumbent on a debtor to specifically identify and value each item claimed as exempt with particularity. See In re Wright, 99 B.R. 339, 341-342 (Bankr. N.D. Tex. 1989). A debtor's claim

8

of exemption without citing the specific statute serving as the basis for the exemption and/or failure to estimate value of property or properly list the property is improper and insufficient. See In re Dickson, 114 B.R. 740, 742 (Bankr. N.D. Okla. 1990). As explained by the Court of Appeals for the Seventh Circuit in Payne v. Wood, 775 F.2d 202 (7th Cir. 1985), cert. denied, 475 U.S. 1085 (1986):

> It would be silly to require a debtor to itemize every dish and fork, even to list the electric knife separately from the crock pot. The necessary degree of specificity varies with the value of separate listings…. The requirement that the debtor list the property serves at least two functions. One is to settle claims of title, so that on the day of discharge everyone knows who owns what. The other is to allow the trustee to decide which claims to challenge. Debtors are not perfectly trustworthy, and unless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme. Cf. In re Friedrich, 100 F. 284, 286 (7th Cir. 1900) ("much abuse of the beneficent law allowing exemptions might arise if, with respect to a general stock of goods, the debtor should be permitted to place upon selected articles his own estimate of value").
>
> ...
>
> The aggregation of "furniture" and "dishes and small appliances" therefore ordinarily would be enough to exempt all items in these categories. Yet ordinarily is not always. **The debtor must furnish enough information to put the trustee on notice of the wisdom of further inquiry**. The trustee, who protects the interests of the creditors, then may make a calculation of the benefits of more detailed listing in each case, and he may ask the bankruptcy court to require the debtor to do more.... When the debtor's listing withholds information that the trustee may find helpful, ...a categorical claim of exemption should not be honored beyond the value the debtor attached to the category. After all, property passes to the estate automatically, and it is the debtor's burden to make out the claims of exemption with adequate specificity. 775 F.2d at 205-206 (emphasis added).

In the instant case, *Schedule C* and *Amended Schedule C* (Docket Nos. 1, p. 24, and 9, p. 5) lacked sufficient particularity as to which subsections of Article 249 of Puerto Rico's Code of Civil Procedure, 32 L.P.R.A § 1130, the exemptions on personal properties were being claimed, and thus, the Chapter 7 Trustee's objection thereto is proper. Notwithstanding, on July 9, 2013, the Debtor filed a second *Amended Schedule C* that matches each claimed exemption with a specific subsection of Article 249 of Puerto Rico's Code of Civil Procedure, *supra*. The court finds that the second *Amended Schedule C* (Docket No. 16) satisfies the degree of specificity required by case law. Consequently, the Chapter 7 Trustee is hereby ordered to reply to the second *Amended Schedule C* (Docket No. 16, p. 5) within the next 14 days. If no objections are timely filed, the court will grant the personal exemptions claimed therein.

Conclusion

In view of the foregoing, the Chapter 7 Trustee's *Objection* (Docket No. 8) is hereby denied as to the Debtor's homestead claimed exemption. The second *Amended Schedule C* (Docket No. 16) satisfies the degree of specificity required by case law. Consequently, the Chapter 7 Trustee is hereby ordered to reply to the second *Amended Schedule C* (Docket No. 16, p. 5) within the next 14 days. If no objections are timely filed, the court will grant the personal exemptions claimed therein.

SO ORDERED.

In San Juan, Puerto Rico, this 18th day of July, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge